Cicely T. Ray, Esq. (SB 213677)
CICELY T. RAY & ASSOCIATES
4740 Green River Road Suite 314
Corona, CA 92878
Phone: (951) 735-2488
Email: Cicely.Ray@Cicelyraylaw.com
Attorney for Plaintiff, JACOB FLANAGAN

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| JACOB FLANAGAN<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW COMES Plaintiff, JACOB FLANAGAN ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN").

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Cal. Civ. Code § 1785 *et seq.*

1

## Parties

2. Plaintiff is a natural person at all times relevant residing in Pitt County, in the City of Farmville, in the State of North Carolina.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Further, because Plaintiff is a natural person, Plaintiff was a "consumer" as the term is defined by Cal. Civ. Code § 1785.3(b).

5. Defendant EXPERIAN is a corporation conducting business in the State of North Carolina and is headquartered in Costa Mesa, California.

6. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

7. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

8. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

9. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

10. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees,

sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

11.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

12.   Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

13.   This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

**Factual Allegations**

14.   Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding an Account he had with Truist Bank ("Truist") settled with Truist and paid to Truist and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

15.   CRAs, including EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

16.   On or about January 26, 2024, Plaintiff and Truist settled an account ending in 8201 ("Account") for three thousand four hundred fourteen dollars ($3,414.00).

17. Per the terms of the settlement, Plaintiff made a single lump sum payment on January 29, 2024, of three thousand four hundred fourteen dollars ($3,414.00) and thereby satisfied the agreement.

Facts

18. On February 27, 2025, Plaintiff received a copy of his credit report from EXPERIAN.

19. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant EXPERIAN reported inaccurate information regarding the Account.

20. Specifically, EXPERIAN reported the Account as "Charged Off." This status is inaccurate because both Plaintiff and Truist agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

21. Further, EXPERIAN failed to report the payment Plaintiff made under the terms of the agreement. Specifically, EXPERIAN reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $3,412.00.

22. EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and Truist and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

23. On February 27, 2025, Plaintiff issued a dispute by mail to EXPERIAN regarding the inaccurate information being reported on the Account.

24. Specifically, Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

25. Further, Plaintiff included proof of the settlement and payment to Truist with his dispute letter.

26. His dispute was received on or about April 7, 2025.

27. However, despite having received the letter and accompanying proof of payment, EXPERIAN continues to report the Account as having a current status of "Charge Off" and having an outstanding balance of $3,412.00.

28. The aforementioned information reported by EXPERIAN regarding the Account with Truist is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and Truist.

29. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

30. As of May 11, 2025, EXPERIAN continues to report the Account inaccurately, reporting a pay status of "Charge Off" with a balance owed of $3,412.00.

31. If EXPERIAN would have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

32. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

33. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

42. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EXPERIAN
### Violation of Cal. Civ. Code § 1785.16

48. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

49. Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, EXPERIAN had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

50. Further, EXPERIAN had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

51. Had EXPERIAN considered Plaintiff's proof that the Account had been settled and paid off, EXPERIAN would not have republished the incorrect information regarding the Account.

52. EXPERIAN'S failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable

to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

### COUNT IV – EXPERIAN
### Violation of Cal. Civ. Code § 1785.14

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

54. Among other obligations, Cal. Civ. Code § 1785.14 requires CRAs such as EXPERIAN to maintain reasonable procedures to insure the maximum possible accuracy of information about the consumer to whom the information relates.

55. EXPERIAN has failed to maintain reasonable procedures pursuant to this section as the natural result of any reasonable procedures would have led to EXPERIAN either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

56. EXPERIAN'S failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and Cal. Civ. Code § 1785 *et seq* and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) Statutory damages of up to $5,000 for each individual negligent violation of Cal. Civ. Code § 1785, et seq., pursuant Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

d) Statutory damages of up to $5,000 for each individual willful violation of Cal. Civ. Code § 1785, et seq., pursuant Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

e) Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further violations Cal. Civ. Code § 1785, et seq., pursuant to Cal. Civ. Code § 1785.31(b);

f) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

g) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 8, 2025

By: */s/ Cicely T. Ray*
Cicely T. Ray, Esq. (SB 213677)
CICELY T. RAY & ASSOCIATES
4740 Green River Road Suite 314
Corona, CA 92878
Phone: (951) 735-2488
Email: Cicely.Ray@Cicelyraylaw.com

Attorneys for Plaintiff,
JACOB FLANAGAN

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL